Official Form 1 (4/07)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Chicago H&S Hotel Property, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>DBA Hotel 71 | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>20-2048787 | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>71 East Wacker Drive<br>Chicago, IL      ZIP Code 60601 | Street Address of Joint Debtor (No. and Street, City, and State):      ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Same as above      ZIP Code | Mailing Address of Joint Debtor (if different from street address):      ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): Same as above | |

**Type of Debtor** (Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**  —  THIS SPACE IS FOR COURT USE ONLY
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,001 to $100,000 | ☐ $100,001 to $1 million | ☐ $1,000,001 to $100 million | ■ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $1 million | ☐ $1,000,001 to $100 million | ■ More than $100 million |
|---|---|---|---|---|

| **Voluntary Petition** (This page must be completed and filed in every case) | Name of Debtor(s): Chicago H&S Hotel Property, LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:  - None - | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: See Attachment | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>       Signature of Attorney for Debtor(s)         (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Chicago H&S Hotel Property, LLC |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X *Daniel A. Zazove* (signed)
Signature of Attorney for Debtor(s)
Daniel A. Zazove ARDC No. 3104117
Printed Name of Attorney for Debtor(s)
Perkins Coie LLP
Firm Name
131 South Dearborn
Suite 1700
Chicago, IL 60603
Address

312-324-8400
Telephone Number
October 29, 2007
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Patrick J. O'Malley* (signed)
Signature of Authorized Individual
Patrick J. O'Malley
Printed Name of Authorized Individual
Chief Restructuring Officer
Title of Authorized Individual
October 29, 2007
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

In re   Chicago H&S Hotel Property, LLC                                    ,   Case No. _____
                                    Debtor

# FORM 1. VOLUNTARY PETITION
## Pending Bankruptcy Cases Filed Attachment

| Name of Debtor / District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|
| Chicago H&S Senior Investors, LLC<br>Northern District of Illinois | 07-03783<br>Affiliate | 03/02/07<br>Eugene R. Wedoff |

# CHICAGO H&S HOTEL PROPERTY, LLC

## WRITTEN CONSENT
## OF
## THE SOLE MANAGER

October 29, 2007

The undersigned, being the sole manager (the "***Manager***") of Chicago H&S Hotel Property, LLC, a Delaware limited liability company (the "***Company***"), does hereby waive notice for a meeting of the manager and does hereby consent to the adoption of the following resolutions, which resolutions shall be deemed to be adopted as of the date hereof and to have the same force and effect as if such resolutions were adopted by the Manager at a duly convened meeting held for such purpose, all in accordance with the Delaware Limited Liability Company Act.

**I.    Bankruptcy Filing**

WHEREAS, the Company is currently involved in a restructuring, sale of the property and potential liquidation of the Company, and the Manager deems it to be advisable and in the best interests of the Company and its creditors to continue the restructuring, sale of the property and potential liquidation of the Company;

WHEREAS, pursuant to Section 2.8 of the Company's Amended and Restated Limited Liability Company Agreement (the "***Operating Agreement***"), the Company may not take any Bankruptcy Action (as such term is defined in the Operating Agreement) with respect to itself without the approval of the Manager; and

WHEREAS, the Manager deems it to be advisable and in the best interests of the Company and its creditors for the Company to seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***");

NOW, THEREFORE, BE IT RESOLVED, that the Company shall seek relief under Chapter 11 of Title 11 of the Bankruptcy Code;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code, and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at such time as such Authorized Person shall determine in consultation with the Manger;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to execute any and all plans of reorganization under Chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, in such form and containing such terms as the Manager shall hereafter approve, including, but not limited to, the sale of all or substantially

West 6153168 v3

all of the Company's assets, and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at such time as such Authorized Person shall determine in consultation with the Manger;

RESOLVED FURTHER, that (i) the engagement, under an advance payment, of the law firm of Perkins Coie LLP ("**Perkins Coie**") as co-counsel for the Company in connection with the Company's Chapter 11 case is hereby adopted and approved and (ii) the previously approved engagement of Perkins Coie as the Company's legal counsel in connection with the potential restructuring of the Company is hereby ratified, acknowledged and affirmed;

RESOLVED FURTHER, that (i) the engagement, under an advance payment, of the law firm of Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**") as co-counsel for the Company in connection with the Company's Chapter 11 case is hereby adopted and approved and (ii) the previously approved engagement of Akin Gump as the Company's legal counsel in connection with the potential restructuring of the Company is hereby ratified, acknowledged and affirmed;

RESOLVED FURTHER, that (i) the engagement, under an advance payment, of Development Specialists, Inc. as financial advisors for the Company in connection with the Company's Chapter 11 case is hereby adopted and approved and (ii) the previously approved engagement of Development Specialists, Inc. as the Company's financial advisors in connection with the potential restructuring of the Company is hereby ratified, acknowledged and affirmed;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to retain and employ such other attorneys, investment bankers, accountants, and other professionals to assist in the Company's Chapter 11 case, on such terms as such Authorized Person deems necessary or proper; and

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and file all petitions, schedules, agreements, motions, lists, applications, pleadings, instruments, certificates and other documents, and to take any and all actions, as such Authorized Person shall, as evidenced by its or their execution and delivery or taking thereof, deem necessary, desirable or appropriate in connection with any transaction contemplated by the foregoing resolutions, including seeking authority to sell, and selling, all or substantially all of the Company's assets and/or to borrower, and borrowing, amounts from a credit provider under a postpetition financing facility, and granting liens, guarantees, pledges, mortgages and other security therefor (collectively, the "**Sale/Financing Actions**"); provided that the Authorized Persons are not authorized to take any Sale/Financing Action without the consent of the Manager.

## II.    Appointment of Chief Restructuring Officer

WHEREAS, pursuant to Section 6.2 of Operating Agreement, the Manager may appoint officers ;

2

WHEREAS, the Manager deems it to be in the best interest of the Company to appoint an officer to assist in the potential restructuring of the Company;

NOW, THEREFORE, BE IT RESOLVED, that Patrick J. O'Malley be, and hereby is, elected to the office of Chief Restructuring Officer, to hold such office until his successor has been duly elected and qualified or until the earlier of his death, resignation or removal by the Manger at any time with or without cause (the "*Officer*"):

RESOLVED FURTHER, that the Officer shall assume and perform the duties and responsibilities that would normally be associated with the offices of President and Secretary of the Company under Delaware law,

RESOLVED FURTHER, that the Officer's duties and responsibilities shall include but not be limited to the following: (i) the development of cash flow projections, a business plan and plan of reorganization; (ii) leading and participating in negotiations with creditors, lenders, lien creditors, and parties interested in acquiring assets of the Company; (iii) directing the activities of the legal and financial advisors; (iv) directing the operation of the Company's property; and (v) attending and representing the Company at all manner of hearings regarding the Company's bankruptcy case and preparing the Debtor's Schedules of assets and liabilities and related documents.

### III.  General

NOW, THEREFORE, BE IT RESOLVED, the "*Authorized Persons*" referenced in this consent shall be Development Specialists, Inc. (including its officers, directors, principals and employees, "*DSI*"), the Manager, or any appropriate officer of the Manager;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to make all payments and incur all expenses in connection with any transaction contemplated by these resolutions as they, or any of them, shall deem to be necessary, desirable, or appropriate;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered to do or cause to be done all further acts and things (including the execution of all such further documents, papers, and instruments) as they or any of them may deem necessary, desirable, or appropriate in order to carry into effect the purposes and intent of the foregoing resolutions; and, if specific forms of resolutions are necessary, desirable, or appropriate to accomplish the transactions contemplated by the foregoing resolutions, then the same shall be deemed to have been and hereby are adopted, and any appropriate officer of the Company is authorized to certify the adoption of all such resolutions as though such resolutions are part of this written consent;

RESOLVED FURTHER, that each of the lawful acts of the Authorized Persons taken prior to the date hereof in connection with the transactions contemplated by the foregoing resolutions is hereby ratified, approved, adopted, and confirmed as if each such act had been presented and approved prior to being taken;

3

RESOLVED FURTHER, that any appropriate officer of the Company hereby is authorized, empowered, and directed to certify and furnish such copies of these resolutions and such statements as to the incumbency of the Company's officers, under corporate seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof; and

RESOLVED FURTHER, that this consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

**[Signature Page Follows]**

4

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first set forth above.

                MANAGER:

                **HOTEL 71 MEZZ LENDER, L.L.C.**,
                a Delaware limited liability company

                By:  Oaktree Capital Management, LLC,
                       its manager

                By: _____
                      Name:
                      Title:   Authorized Signatory

                By: _____
                      Name:
                      Title:   Authorized Signatory

# CHICAGO H&S HOTEL PROPERTY, LLC

## UNANIMOUS WRITTEN CONSENT
## OF
## THE INDEPENDENT DIRECTORS

October 24, 2007

The undersigned, being the independent directors (the "*Independent Directors*") of Chicago H&S Hotel Property, LLC, a Delaware limited liability company (the "*Company*"), do hereby waive notice for a meeting of the Independent Directors and do hereby consent to the adoption of the following resolutions, which resolutions shall be deemed to be adopted as of the date hereof and to have the same force and effect as if such resolutions were adopted by the Independent Directors at a duly convened meeting held for such purpose, all in accordance with the Delaware Limited Liability Company Act.

I.  **Bankruptcy Filing**

WHEREAS, the Company is currently involved in a restructuring, sale of the property and potential liquidation of the Company, and the Independent Directors deem it to be advisable and in the best interests of the Company and its creditors to continue the restructuring, sale of the property and potential liquidation of the Company;

WHEREAS, pursuant to Section 2.8 of the Company's Amended and Restated Limited Liability Company Agreement (the "*Operating Agreement*"), the Company may not take any Bankruptcy Action (as such term is defined in the Operating Agreement) with respect to itself without the approval of the Independent Directors; and

WHEREAS, the Independent Directors deem it to be desirable and in the best interests of the Company and its creditors for the Company to seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*");

NOW, THEREFORE, BE IT RESOLVED, that the Company shall seek relief under Chapter 11 of Title 11 of the Bankruptcy Code;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code, and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at such time as such Authorized Person shall determine in consultation with the manger of the Company, Hotel 71 Mezz Lender, L.L.C., a Delaware limited liability company (the "*Manager*");

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to execute any and all plans of reorganization under Chapter 11 of the Bankruptcy Code, including any and all

West 6153210 v4

modifications, supplements, and amendments thereto, in such form and containing such terms as the Manager shall hereafter approve, including, but not limited to, the sale of all or substantially all of the Company's assets, and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at such time as such Authorized Person shall determine in consultation with the Manger;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to retain and employ such attorneys, investment bankers, accountants, and other professionals to assist in the Company's Chapter 11 case, on such terms as such Authorized Person deems necessary or proper; and

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to execute and file all petitions, schedules, agreements, motions, lists, applications, pleadings, instruments, certificates and other documents, and to take any and all actions, as such Authorized Person shall, as evidenced by its or their execution and delivery or taking thereof, deem necessary, desirable or appropriate in connection with any transaction contemplated by the foregoing resolutions, including seeking authority to sell, and selling, all or substantially all of the Company's assets and/or to borrow, and borrowing, amounts from a credit provider under a postpetition financing facility, and granting liens, guarantees, pledges, mortgages and other security therefor (collectively, the "*Sale/Financing Actions*"); provided that the Authorized Persons are not authorized to take any Sale/Financing Action without the consent of the Manager;

## II.   General

NOW, THEREFORE, BE IT RESOLVED, that the "*Authorized Persons*" referenced in this consent shall be Development Specialists, Inc. (including its officers, directors, principals and employees, "*DSI*"), the Manager, or any appropriate officer of the Manager;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to make all payments and incur all expenses in connection with any transaction contemplated by these resolutions as they, or any of them, shall deem to be necessary, desirable, or appropriate;

RESOLVED FURTHER, that the Authorized Persons be, and each of them individually hereby is, authorized and empowered to do or cause to be done all further acts and things (including the execution of all such further documents, papers, and instruments) as they or any of them may deem necessary, desirable, or appropriate in order to carry into effect the purposes and intent of the foregoing resolutions; and, if specific forms of resolutions are necessary, desirable, or appropriate to accomplish the transactions contemplated by the foregoing resolutions, then the same shall be deemed to have been and hereby are adopted, and any appropriate officer of the Company is authorized to certify the adoption of all such resolutions as though such resolutions are part of this written consent;

2

      RESOLVED FURTHER, that any appropriate officer of the Company hereby is authorized and empowered to certify and furnish such copies of these resolutions and such statements as to the incumbency of the Company's officers, under corporate seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof;

      RESOLVED FURTHER, that this consent may be executed in multiple counterparts, all of which shall be considered one and the same consent and shall become effective when signed by all of the Independent Directors; and

      RESOLVED FURTHER, that this consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

**[Signature Page Follows]**

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

**INDEPENDENT DIRECTORS**

_____
John R. Hosmer, Jr.

_____
Stephen G. Weigand

*Written Consent of the Independent Directors of Chicago H&S Hotel Property, LLC*