## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| CHICAGO H&S HOTEL PROPERTY, L.L.C. | ) Case No. 07-20088 |
|  | ) |
| Debtor. | ) Hon. Eugene R. Wedoff |
|  | ) |
|  | ) Hearing Date: November 6, 2007 |
|  | ) Hearing Time: 10:00 a.m. |

### NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on November 6, 2007 at 10:00 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Eugene R. Wedoff, or any judge sitting in his stead, in Room 744 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. §§ 327, 328 AND 1107(b) AND FED. R. BANKR. P. 2014 TO EMPLOY AND RETAIN PERKINS COIE LLP AS ITS BANKRUPTCY CO-COUNSEL**, a copy of which is hereby served upon you.

Dated: November 1, 2007

                CHICAGO H&S HOTEL PROPERTY, L.L.C.

            By:  /s/  Daniel A. Zazove
                PERKINS COIE LLP
                Daniel A. Zazove (ARDC # 3104117)
                Jason D. Horwitz (ARDC # 6269962)
                131 S. Dearborn Street, Suite 1700
                Chicago, Illinois 60603-5559
                Telephone: 312.324.8400
                Facsimile: 312.324.9400
                e-mail: dzazove@perkinscoie.com
                e-mail: jhorwitz@perkinscoie.com

                - and -

                AKIN GUMP STRAUSS HAUER & FELD LLP
                Charles R. Gibbs
                1700 Pacific Avenue, Suite 4100
                Dallas, TX 75201
                Telephone: 214.969.2800
                Facsimile: 214.969.4343
                email: cgibbs@akingump.com

            *Attorneys for the Debtor and Debtor in Possession*

26277-0005/LEGAL13609375.10

## CERTIFICATE OF SERVICE

I, Daniel A. Zazove, an attorney, certify that I caused to be served upon the parties named on the attached service list a true and correct copy of the **Notice of Application and Debtor's Application Pursuant to 11 U.S.C. Sections 327, 328 and 1107(b) and Fed. R. Bankr. P. 2014 to Employ and Retain Perkins Coie LLP as its Bankruptcy Co-Counsel,** via electronic transmittal or overnight delivery, as indicated, by 5:00 p.m. on November 1, 2007.

Date: November 1, 2007

/s/ Daniel A. Zazove

# HOTEL 71
## FIRST DAY SERVICE LIST

| **Via FedEx:** | |
|---|---|
| Robert Warman<br>**West Paces**<br>3384 Peachtree Road, Suite 375<br>Atlanta, GA 30326 | Deanna Schaffino<br>**Hudson Boiler**<br>1725 W. Hubbard Street<br>Chicago, IL 60622 |
| **Casa Madrona Hotel & Spa**<br>801 Bridgeway<br>Sausalito, CA 94965 | Jeff Lazar<br>**JL Furnishings**<br>3040 E. Maria Street<br>Rancho Dominguez, CA 90221 |
| Vicky Wallace<br>**Crane Revolving Door**<br>924 Sherwood Drive<br>Lake Bluff, IL 60044 | **Altour International**<br>1270 Avenue of the Americas<br>15th Floor<br>New York, New York 10020 |
| Kerri Castoro<br>**Life Fitness**<br>5100 N. River Road<br>Schiller Park, IL 60176 | Keri Kelly<br>**Travel Tech Group**<br>110 W. Hubbard<br>Chicago, IL 60610 |
| **Mid America Telephone Systems**<br>11643 S. Austin Avenue<br>Alsip, IL 60803 | John Nash<br>**TIG Global, LLC**<br>5335 Wisconsin Avenue NW, Suite 780<br>Washington, DC 20015 |
| Chris Caplette<br>**EEC Industries**<br>1237 Welch Street<br>North Vancouver V7P1B3<br>British Columbia | Attn Accounts Receivable<br>**Travel Escape, LLC**<br>d/b/a Expedia Travel<br>10190 Covington Cross Drive<br>Las Vegas, NV 89144 |
| Francois Geneve<br>**Francois Geneve Products**<br>2112 W. Grace Street<br>Chicago, IL 60618 | Kanika Richardson<br>**The Puckett Group, Inc.**<br>300 E. McBee Avenue<br>Greenville, SC 29601 |

# HOTEL 71
## FIRST DAY SERVICE LIST

| | |
|---|---|
| Abe Assellini<br>**Midwest Contract Glazing**<br>3014 W. Fillmore<br>Chicago, IL 60612 | Adelaide DaCosta<br>**Sally Fourmy & Associaes**<br>30 Duncan Street, Floor 4<br>Toronto M5V2C2 ON<br>Canada |
| **Spargo & Associates**<br>Attn: Accounts Receivable<br>11212 Waples Mill Road, Suite 104<br>Fairfax, VA 22030 | Dave Zych<br>**Excel Freight**<br>17330 Preston Road<br>Suite 200DC<br>Dallas, TX 75252 |

**HOTEL 71**
**FIRST DAY SERVICE LIST**

| **Via E-mail:** | |
|---|---|
| **Roman Sukley**<br>Office of the U.S. Trustee, Region 11<br>227 W. Monroe Street<br>Suite 3350<br>Chicago, IL 60606<br>Email: roman.sukley@usdoj.gov | **Mark A. Jefferis**<br>**Anderson D. Caperton**<br>Cadwalader, Wickersham & Taft LLP<br>227 West Trade Street<br>Charlotte, NC 28202<br>Email: mark.jefferis@cwt.com<br>anderson.caperton@cwt.com |
| **Paul R. Walker**<br>Sidley Austin LLP<br>555 West Fifth Street<br>Los Angeles, CA 90013<br>Email: pwalker@sidley.com | **Cornelius P. Brown**<br>Cohon Raizes & Regal LLp<br>208 S. LaSalle Street, Suite 1860<br>Chicago, IL 60604<br>nbrown@cohonraizes.com |
| **David R. Kuney**<br>Sidley Austin LLP<br>1501 K. Street, N.W.<br>Washington, D.C. 20005<br>Email: dkuney@sidley.com | **Brad B. Erens**<br>**James A. White**<br>**Mark A. Cody**<br>Jones Day<br>77 Wacker Drive<br>Chicago, IL 60601<br>Email: bberens@jonesday.com<br>jawhite@jonesday.com<br>macody@jonesday.com |
| **David Neff**<br>DLA Piper US LLP<br>203 North LaSalle Street<br>Chicago, IL 60601<br>Email: David.Neff@dlapiper.com | **Scott A. Semenek**<br>**Jonathan W. Young**<br>Wildman Harrold Allex & Dixon<br>225 W. Wacker Drive<br>Chicago, IL 60606<br>Email: young@wildman.com<br>semenek@wildman.com |
| Jonathan Strouse<br>**Les Meubles Saint Damase, Inc.**<br>Holland & Knight<br>131 S. Dearborn,<br>30th Floor<br>Chicago, IL 60603<br>Email: jonathan.strouse@hklaw.com | **Holland Neff O'Neil**<br>**Michael S. Haynes**<br>Gardere Wynn Sewell LLP<br>1601 Elm Street #3000<br>Dallas, TX 75201<br>Email: honeil@gardere.com<br>mhaynes@gardere.com |

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) Chapter 11 |
| CHICAGO H&S HOTEL PROPERTY, L.L.C. | ) Case No. 07-20088 |
| Debtor. | ) Hon. Eugene R. Wedoff |
| | ) Hearing Date: November 6, 2007 |
| | ) Hearing Time: 10:00 a.m. |

## DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. §§ 327, 328 AND 1107(b) AND FED. R. BANKR. P. 2014 TO EMPLOY AND RETAIN PERKINS COIE LLP AS ITS BANKRUPTCY CO-COUNSEL

Chicago H&S Hotel Property, L.L.C., (the "Debtor"), submits this Application (the "Application") For an Order Authorizing it to Employ and Retain Daniel A. Zazove, Jason D. Horwitz and the partners, associates and paraprofessionals of the law firm of Perkins Coie LLP ("Perkins Coie") as its bankruptcy co-counsel. In support of this Application, the Debtor respectfully represents as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327, 328 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. Background

3. On October 29, 2007 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1] The Debtor owns and operates a 40 story, 437 guestroom, full service hotel at a prime downtown location in Chicago, Illinois adjacent to the Chicago River and Michigan Avenue known as Hotel 71 ("Hotel 71" or the "Property"). The Property was constructed as a luxury apartment complex in 1958 and was converted to a hotel in 1987.

4. In 2005, the Property was purchased by the Debtor with the express intention of converting it into a condominium hotel.[2] In order to acquire the Property and make the intended improvements the Debtor obtained a senior loan (the "Senior Loan") in the amount of $100,785,289.00 secured by a first mortgage on the Property, and the Debtor's parent, Chicago H&S Senior Investors, LLC (the "Equity Holder"), obtained a $27,338,801.00 mezzanine loan (the "Mezz Loan") from Hotel 71 Mezz Lender, L.L.C. (the "Mezz Lender"), which was secured by a pledge of the Equity Holder's 100% interest in the Debtor. Both the Senior Loan and the Mezz Loan are fully matured.

5. On July 16, 2007, the mortgage lender filed a foreclosure action with the Circuit Court of Cook County. On October 3, 2007, the Mezz Lender conducted a foreclosure sale of its

---

[1] A more full description of the background of this bankruptcy case can be found in the Declaration of Patrick J. O'Malley in Support of Chapter 11 Petition and First Day Orders, filed contemporaneously herewith.

[2] A condominium hotel is one in which an individual may purchase a fee simple interest of a deeded condominium guestroom. When the owner is at the property, he or she may use all of the amenities and services of the hotel. When not on the premises, the owner may make the guestroom available for other hotel guests. Revenue generated through such rentals is shared between the unit owner and the hotel entity.

-2-

collateral pursuant to Article 9 of the Uniform Commercial Code and purchased the Equity Holder's interest in the Debtor, making the Mezz Lender the 100% owner of the Debtor.

6. As of the Petition Date, only 78 of the 437 guestrooms have been renovated, 144 rooms are not in service and construction has not commenced on approximately one-third of the floors at the Property. Additionally, the Property is subject to more than 60 mechanic lien claims and the Debtor is a named defendant in more than a dozen lawsuits. The Debtor filed this chapter 11 case to stabilize the Property, resolve mechanic lien claims and facilitate a going concern sale of Hotel 71 pursuant to a chapter 11 plan. In furtherance of that goal, the Debtor has filed a motion seeking approval of a listing agreement with Jones Lang LaSalle Americas, Inc. to market and sell the Property.

### III. Terms of Retention

7. The Debtor is seeking to retain Perkins Coie and Akin Gump Strauss Hauer & Feld, LLP ("Akin Gump") as its bankruptcy co-counsel. The Debtor seeks to retain Perkins Coie as its bankruptcy co-counsel because Perkins Coie has extensive experience and knowledge in the field of Debtor's and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

8. The Debtor believes that Perkins Coie is well-qualified and able to represent it in this chapter 11 case in an efficient and timely manner. Within the scope of its employment as co-counsel to the Debtor, Perkins Coie would be responsible for:

  (a) advising the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its business and properties;

  (b) attending meetings and negotiating with representatives of creditors and other parties-in-interest;

-3-

(c) taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor's interest in negotiations concerning all litigation in which the Debtor is involved, including, but not limited to, objections to claims filed against the estate;

(d) preparing all motions, applications, answers, orders, reports and papers necessary to administer the Debtor's estate;

(e) taking any action necessary on behalf of the Debtor to obtain approval of a disclosure statement and the Debtor's plan of reorganization;

(f) representing the Debtor in connection with obtaining postpetition financing, if required;

(g) advising the Debtor in connection with any potential sale of assets;

(h) appearing before this Court, any appellate court and the United States Trustee and protecting the interests of the Debtor's estate before such courts and the United States Trustee;

(i) consulting with the Debtor regarding tax matters; and

(j) performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with the chapter 11 case.

9. Perkins Coie and Akin Gump will coordinate and work together to prevent any unnecessary duplication of efforts or work. Perkins Coie intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules") and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Perkins Coie incurs.

10. The hourly rates and corresponding rate structure utilized by Perkins Coie in this chapter 11 case is equivalent to the hourly rates and corresponding rate structure predominantly used by Perkins Coie for restructuring, workout, bankruptcy, insolvency and comparable matters,

-4-

whether in court or otherwise, regardless of whether a fee application is required. These rates and rate structure reflect that such restructuring matters typically involve great complexity, high stakes and severe time pressures.

11. Perkins Coie operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of work involved and other factors. Perkins Coie has no one rate for an individual biller that applies to all matters for all clients. Perkins Coie rates for an individual biller may vary as a function of the type of matter, geographic factors and the nature of certain long-term client relationships.

12. Perkins Coie's hourly rates are set at a level designed to fairly compensate Perkins Coie for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are consistent with the rates charged elsewhere. In particular, Perkins Coie's hourly rates in Chicago range from $805 per hour for its most experienced partners to $225 for its most junior associates and from $245 to $110 for paralegals.

13. The following professionals are presently expected to have primary responsibility for providing services to the Debtor:

| Name of Individual | Title | Years Experience | Hourly Rate |
|---|---|---|---|
| Daniel A. Zazove | Partner | 33 | $610.00 |
| Jason D. Horwitz | Associate | 7 | $400.00 |
| Michelle L. Jawor | Paralegal | 10 | $160.00 |

In addition, from time to time, it may be necessary for other Perkins Coie professionals and paraprofessionals to provide services to the Debtor.

-5-

26277-0005/LEGAL13609375.10

14. The hourly rates set forth above are Perkins Coie's standard hourly rates for the types of services to be performed herein in all cases as of January 1, 2007. In the normal course of business, Perkins Coie revises its regular rates on January 1 of each year and requests that, effective January 1st of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

15. It is Perkins Coie's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Perkins Coie's policy to charge its clients only the amount actually incurred by Perkins Coie in connection with such items. Examples of such expenses are overnight mail, messenger delivery, transportation, overtime expenses, computer assisted legal research, photocopying, airfare, meals and lodging.

16. The Debtor has not made any payments to Perkins Coie. Prior to the Petition Date, however, the Debtor did bill Oaktree (as defined herein) in excess of $220,000 since March 2007.

17. No promises have been received by Perkins Coie nor by any partner, counsel or associate thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Perkins Coie has no agreement with any other entity to share with such entity any compensation received by Perkins Coie in connection with this chapter 11 case.

18. Perkins Coie further states that pursuant to Bankruptcy Rule 2016(b) it has not shared, nor agreed to share, (a) any compensation it has received or any compensation that it will receive with another party or person, other than with the partners, of counsel, associates and

contract attorneys associated with Perkins Coie, or (b) any compensation another person or party has received or may receive.

### IV.    Perkins Coie's Disinterestedness

19.    Based upon the supporting affidavit of Daniel A. Zazove attached hereto as **Exhibit A** (the "Zazove Affidavit"), the Debtor believes that Perkins Coie is disinterested within the meaning of 11 U.S.C. § 101(14) and neither holds nor represents any interest adverse to the Debtor or its estate in connection with the matters for which it is to be employed.  The firm and certain of its partners, counsel and associates may have in the past represented, may currently represent and likely in the future will represent parties-in-interest of the Debtor in connection with matters unrelated (except as otherwise disclosed in the Zazove Affidavit) to the Debtor and the chapter 11 case.  Perkins Coie has searched on its electronic database for its connection to (a) the Debtor, its previous owners and related entities, (b) Credit Suisse First Boston Mortgage Securities Corporation, Canyon Capital Realty Advisors LLC and other patries related to the Senior Loan, (c) lien claimants, (d) the Debtor's twenty (20) largest unsecured creditors, and (e) the defendants involved in pending litigation.  The information on these entities may have changed without our knowledge and may change during the pendency of the chapter 11 case.  Perkins Coie will update the Zazove Affidavit when necessary and when Perkins Coie becomes aware of material information.

20.    Based on the conflicts search conducted to date and described in the Zazove Affidavit, to the best of Perkins Coie's knowledge, neither Perkins Coie, nor any partner, of counsel or associate thereof, insofar as Perkins Coie has been able to ascertain, have any connection with the Debtor, its creditors or any other parties-in-interest, their respective

attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as disclosed or otherwise described in the Zazove Affidavit.

21. On March 29, 2005, Hotel 71 Mezz Lender, L.L.C. (the "Mezz Lender"), a special purpose entity owned by Oaktree Capital Management, LLC ("Oaktree"), made a mezzanine loan (the "Mezz Loan") in the principal amount of $27,338,801.00 to the Debtor's parent, Chicago H&S Senior Investors, LLC (the "Equity Holder"). The Mezz Loan was secured by, among other things, a pledge of the Equity Holder's 100% interest in the Debtor.

22. On March 2, 2007, the Equity Holder filed for relief under chapter 11 of the Bankruptcy Code. By agreement, the Bankruptcy Court modified the automatic stay to allow the Mezz Lender to foreclose its security interest because the Mezz Loan remained unpaid after September 17, 2007. On October 3, 2007, the Mezz Lender held a foreclosure sale of its collateral pursuant to Article 9 of the Uniform Commercial Code and purchased the Equity Holder's interest in the Debtor, making the Mezz Lender the 100% owner of the Debtor.

23. Perkins Coie represented the Mezz Lender through this process, and Oaktree paid Perkins Coie's compensation and reimbursed its expenses. It is anticipated that Oaktree will continue to be responsible for the payment of Perkins Coie's fees and expenses in the event that they are not paid in full by the Debtor.

## V.    Notice

24. Notice of this Motion has been given to (a) the United States Trustee; (b) counsel to Canyon Capital Realty Advisors LLC; (c) counsel to Credit Suisse First Boston Mortgage Securities Corporation; (d) counsel to Wachovia Bank, N.A.; (e) counsel to The Falor

Companies; and (f) the Debtor's twenty (20) largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## VI. No Prior Request

25. No prior application for the relief requested herein has been made to this or any other Court.

## VII. Conclusion

WHEREFORE, the Debtor respectfully requests the entry of an order, in the form attached hereto, (a) authorizing it to employ and retain Perkins Coie as co-counsel for the Debtor, and (b) granting such other and further relief as this Court deems just and proper.

Dated: November 1, 2007

CHICAGO H&S HOTEL PROPERTY, L.L.C.

By: *[signature]*
Patrick J. O'Malley
Chief Restructuring Officer

*[signature]*
PERKINS COIE LLP
Daniel A. Zazove (ARDC # 3104117)
Jason D. Horwitz (ARDC # 6269962)
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone: 312.324.8400
Facsimile: 312.324.9400
e-mail: dzazove@perkinscoie.com
e-mail: jhorwitz@perkinscoie.com

and -

AKIN GUMP STRAUSS HAUER & FELD LLP
Charles R. Gibbs
1700 Pacific Avenue, Suite 4100
Dallas, TX  75201
Telephone: 214.969.2800
Facsimile: 214.969.4343
email: cgibbs@akingump.com

*Attorneys for the Debtor and Debtor in Possession*