IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CHICAGO H&S HOTEL PROPERTY, L.L.C. | ) | Case No. 07-20088 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |

**ORDER, PURSUANT TO 11 U.S.C. §363 AND FED. R. BANKR. P. 2002 AND 6004, (i) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (ii) APPROVING NOTICE PROCEDURES REGARDING THE PROPOSED SALE, AND (iii) SCHEDULING A HEARING DATE TO CONSIDER THE SALE**

Upon the motion (the "Motion"),[1] of the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004, for entry of an order (i) approving the proposed bid procedures, which are attached as **Exhibit 1** hereto (the "Bid Procedures"), for the sale of the Debtor's Property, (ii) approving certain notice procedures with respect to such sale, and (iii) scheduling a hearing (the "Sale Hearing") to consider the Debtor's request to approve the sale of the Property (the "Sale") to the Winning Bidder; and the Court having reviewed the Motion and having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed in the Motion or the Bid Procedures (as defined herein), as applicable.

upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby FOUND THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002 and 6004. Venue of the Debtor's chapter 11 case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtor has articulated good and sufficient reasons for approving (1) the Bid Procedures, and (2) the form and manner of notice of the Bid Procedures and the Sale.

C. The Bid Procedures are reasonable and appropriate.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

1. Any and all objections to the entry of this Order have been withdrawn or overruled, and the Bid Procedures Relief is GRANTED.

2. The Bid Procedures in a form substantially similar to those attached hereto as **Exhibit 1** are approved.

3. Within five (5) business days after the entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the Debtor shall serve a notice of the sale, this Order and the Bid Procedures by first-class mail, postage prepaid, upon (a) Jones Lang LaSalle, so that it can include such documents with its due diligence materials to be provided to all interested parties; (b) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the Property; (c) all

federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (d) the United States Attorney's office; (e) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (f) the Debtor's twenty largest unsecured creditors; and (g) the U.S. Trustee. Such notice shall be sufficient and proper notice of the sale with respect to known interested parties.

4. The Debtor is authorized to publish notice of the proposed sale in any appropriate newspapers and/or periodicals, in the sole discretion of the Debtor and its professionals. Such publication notice, if any, shall be sufficient and proper notice to any other interested parties whose identities are unknown to the Debtor.

5. On or before December 17, 2007, the Debtor shall file with the Court and serve on each party to an Assumed Contract a Cure Notice that sets forth the Cure Amount and notifies each party that such party's lease or contract may be assumed and assigned to the Winning Bidder to be identified at the conclusion of the Auction.

6. Any objection to the Cure Amount must be filed with the Court and served on (a) Debtor's counsel (Perkins Coie LLP, 131 South Dearborn Street, Suite 1700, Chicago, Illinois 60603, Attn: Daniel A. Zazove, Esq. and Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Attn: Charles R. Gibbs, Esq.), (b) counsel to the Official Committee of Unsecured Creditors (Polsinelli Shalton Flanigan Suelthaus PC, 180 N. Stetson, Suite 4525, Chicago, Illinois 60601, Attn: Gregory J. Jordan, Esq.), and (c) counsel to Wachovia

Bank, N.A. (Jones Day, 77 W. Wacker Drive, Chicago, Illinois 60601, Attn: Brad B. Erens, Esq.) so as to be received on or before 4:00 p.m. prevailing Central time on January 10, 2008, and state with specificity what cure the party to the Assumed Contract believes is required with appropriate documentation in support thereof. If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling notwithstanding anything to the contrary in any Assumed Contract or other document as of the date of the Cure Notice.

7. The Debtor reserves its rights to file a motion at any time prior to the Auction seeking to identify a stalking horse bidder for the Property, provide such stalking horse bidder a break-up fee and overbid protection and to modify the Bid Procedures accordingly.

8. Wells Fargo Bank, National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corporation c/o Wachovia Bank, National Association, as master servicer (the "Trustee") shall be entitled to participate in the Auction and to credit bid the uncontested amount of the Trustee's claim as agreed by the parties or the amount determined by the Bankruptcy Court (the "Trustee Allowed Claim") prior to the Auction. If the Trustee is the Winning Bidder and purchases the Property, it may offset such Trustee Allowed Claim against the purchase price of the Property, as set forth in section 363(k) of the Bankruptcy Code.

9. A final hearing to approve the sale of the Property to the Winning Bidder pursuant to a sale agreement shall be held on January 23, 2008 at 10:00 a.m. (prevailing Central time).

-4-

10. This Order is without prejudice to the Debtor's rights to seek Court authority to amend the Bid Procedures.

11. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

12. Notwithstanding the possible applicability of Fed R. Bankr. P. 6004(g), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: November 15, 2007

_____
United States Bankruptcy Judge

13651585_11.doc
26277-0005/LEGAL13651585.11

# **EXHIBIT 1**

13651585_11.doc
26277-0005/LEGAL13651585.11

## CHICAGO H&S HOTEL PROPERTY, L.L.C.

## BIDDING PROCEDURES

Set forth below are the bid procedures (the "Bidding Procedures") to be employed with respect to the proposed disposition of the Property (as defined below) of Chicago H&S Hotel Property, L.L.C. (the "Company").

### Sale Motion

On November 9, 2007, the Company filed a motion (the "Sale Motion") for orders (I)(A) approving the Bidding Procedures to be employed in connection with the proposed sale (the "Sale") of the Property, (B) scheduling the Auction (as defined herein) and hearing to consider approval of (1) the Sale, (2) the assumption and assignment of certain executory contracts and unexpired leases to be identified by the Winning Bidder (hereinafter defined) (collectively, the "Assumed Contracts") in connection with the Sale, and (3) certain related relief, and (C) approving the notice of the respective dates, times and places for the Auction and the Sale Hearing, and (II)(A) authorizing and approving a sale agreement between the Company and the Winning Bidder, (B) authorizing the Sale of the Property, free and clear of all liens, claims, encumbrances and other interests, (C) authorizing the assumption and assignment of the Assumed Contracts and the rejection of other executory contracts, (D) authorizing the Company to consummate all transactions related to the above, and (E) granting other relief, filed in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

These Bidding Procedures were approved and authorized by a Bankruptcy Court order (the "Bidding Procedures Order") in the chapter 11 case of the Company, which was commenced on October 29, 2007 (the "Bankruptcy Case").

### Assets To Be Sold

The Company is offering for sale a 40 story, 437 guestroom hotel in downtown Chicago located at 71 West Wacker Drive known as "Hotel 71" (the "Property"). The assets to be sold do not include cash, avoidance actions or other estate causes of action.

26277-0005/LEGAL13689714.10

### The Bidding Process

The Company and its advisors shall (a) coordinate the efforts of Potential Bidders (hereinafter defined) in conducting their due diligence investigations, (b) determine whether any person is a Qualified Bidder (hereinafter defined), (c) receive offers from Qualified Bidders, and (d) negotiate any offers made to purchase the Property (collectively, the "Bidding Process"). Neither the Company nor its representatives shall be obligated to furnish information of any kind whatsoever to any person (other than the Official Committee of Unsecured Creditors (the "Committee")) that is not determined to be a Potential Bidder.

### Participation Requirements

Any person that wishes to participate in the Bidding Process must first become a "Potential Bidder." To become a Potential Bidder a bidder must deliver an executed confidentiality agreement in form and substance acceptable to the Company. Upon executing a confidentiality agreement, Wells Fargo Bank, National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corporation c/o Wachovia Bank, National Association, as master servicer (the "Trustee") shall be a Potential Bidder.

### Due Diligence

The Company may afford any Potential Bidder the time and opportunity to conduct reasonable due diligence. The Company will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such Potential Bidders. The Company and its representatives shall not be obligated to furnish any due diligence information after the Bid Deadline (as hereinafter defined). The Company and its representatives are not responsible for, and will bear no liability with respect to, any information obtained by bidders in connection with the sale of the Property.

Each Potential Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Property prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Property in making its bid and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection therewith or the Auction

2

(hereinafter defined), except, as to the Winning Bidder(s) (hereinafter defined), as expressly stated in the definitive agreement with such Winning Bidder(s).

### "As Is; Where Is"

The sale of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Company, its representatives or estate, except to the extent set forth in a definitive purchase agreement with a Qualified Bidder.

### Free Of Any And All Interests

Except to the extent set forth in a definitive purchase agreement with a Qualified Bidder, all of Company's right, title and interest in and to the Property shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests, including, but not limited to, mechanic's liens, judgments, warranty claims, condominium owner's claims, successor liability, and tort claims (collectively, the "Interests") in accordance with section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Property.

### Bid Deadline

A Potential Bidder that desires to make a bid shall deliver written copies of its bid to (i) Chicago H&S Hotel Property, L.L.C., c/o Development Services, Inc., Three First National Plaza, 70 West Madison Street, Suite 2300, Chicago, Illinois 60602, Attn: Patrick O'Malley, Chief Restructuring Officer, Facsimile (312) 263-1180, (ii) Oaktree Capital Management, L.P., 333 S. Grand Avenue, 28th Floor, Los Angeles, California 90071, Attn: Ambrose Fisher, Facsimile: (213) 830-6392, (iii) Perkins Coie LLP, 131 South Dearborn Street, Suite 1700, Chicago, Illinois 60603-5559, Attn: Daniel A. Zazove, Esq., Facsimile: (312) 324-9400, (iv) Jones Lang LaSalle Americas, Inc., 200 East Randolph Drive, Chicago, Illinois 60601, Attn: Thomas Fisher, Facsimile: (312) 601-1613, (v) Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Attn: Charles R. Gibbs, Esq., Facsimile (214) 969-4343, (vi) Polsinelli Shalton Flanigan Suelthaus PC, 180 N. Stetson, Suite 4525, Chicago, Illinois 60601, Attn: Gregory J. Jordan, Facsimile (312) 819-1910, and (vii) Jones Day, 77 W. Wacker Drive, Chicago, Illinois 60601, Attn: Brad B. Erens, Esq., Facsimile (312) 782-8585, not later than 4:00 p.m. (prevailing Central time) on January 8, 2008 (the "Bid Deadline"). The Company (which will consult in good faith with the Committee and the Trustee; provided however, the Company will not consult with the Trustee if it submits its credit bid on

26277-0005/LEGAL13689714.10

3

the Property) may extend the Bid Deadline once or successively, but is not obligated to do so. If the Company extends the Bid Deadline, it shall promptly notify all Potential Bidders of such extension. Notwithstanding the foregoing, the Trustee may make its credit bid at or before the close of the Auction.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

- A letter stating that the bidder's offer is irrevocable until the earlier of (i) two (2) business days after the Property has been sold pursuant to the closing of a sale approved by the Bankruptcy Court, and (ii) 30 days after the conclusion of the Sale Hearing.

- An executed purchase agreement, which shall not contain any contingencies or conditions to closing relating to financing or due diligence and which states an all cash price for the Property to be paid in full at closing.

- A good faith deposit (the "Deposit") in good and immediately available funds in an amount equal to $3,000,000.

- Written evidence of a commitment for financing or other evidence of the ability to consummate the proposed transaction satisfactory to the Company with appropriate contact information for such financing sources.

- Sufficient information to permit the Bankruptcy Court, the Company and the applicable lessors and contracting parties to determine the proposed assignee's ability to comply with section 365 of the Bankruptcy Code (to the extent applicable), including providing adequate assurance of such assignee's ability to perform in the future (the "Adequate Assurance Package").

A bid received from a Potential Bidder that (i) includes all of the Required Bid Documents, (ii) meets all of the above requirements prior to the Bid Deadline, and (iii) the Company (which will consult in good faith with the

4

26277-0005/LEGAL13689714.10

Committee and the Trustee) determines is reasonably likely (based on financial information submitted by the Potential Bidder, the availability of financing, experience and other considerations deemed relevant by the Company) to submit a bona fide offer and to be able to consummate the proposed transaction if selected as a Winning Bidder(s), is a "Qualified Bid" and that Potential Bidder is a "Qualified Bidder." Notwithstanding the foregoing, the Trustee is a Qualified Bidder and its credit bid is a Qualified Bid.

The Trustee shall be entitled to participate in the Auction and to credit bid the uncontested amount of the Trustee's claim as agreed by the parties or the amount determined by the Bankruptcy Court (the "Trustee Allowed Claim") prior to the Auction. If the Trustee is the Winning Bidder and purchases the Property, it may offset such Trustee Allowed Claim against the purchase price of the Property, as set forth in section 363(k) of the Bankruptcy Code. Currently, the Company estimates that the Trustee Allowed Claim is approximately $96 million. However, the Company, the Trustee and the Committee reserve all of their rights with respect to the allowed amount of the Trustee Allowed Claim.

The Company (which will consult in good faith with the Committee and the Trustee; provided however, the Company will not consult with the Trustee if it submits its credit bid on the Property) reserves the right to determine the value of any Qualified Bid (either by itself or in connection with one or more other Qualified Bids), and which Qualified Bid(s) constitute the highest, best and otherwise financially superior offer.

### Transfer Taxes

The Company intends to sell the Property pursuant to a plan of reorganization, therefore, the Sale would be exempt from any transfer, stamp or related taxes pursuant to section 1146(a) of the Bankruptcy Code. However, to the extent that any transfer, stamp or related taxes are owed with respect to the Sale, the Company shall be responsible for such taxes.

### Auction

If the Company receives at least two Qualified Bids, then the Company shall conduct an auction (the "Auction") with respect to the Property and provide all Qualified Bidders the opportunity to participate in the Auction. The Auction shall commence at 10:00 a.m. prevailing Central time on January 22, 2008 at Perkins Coie LLP, 131 South Dearborn Street, Suite 1700, Chicago, Illinois 60603-5559.

26277-0005/LEGAL13689714.10

5

Only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. During the Auction, bidding shall begin initially with the highest or otherwise best Qualified Bid as announced by the Company, and subsequently continue in minimum increments of at least $200,000. Notwithstanding any language herein to the contrary, the Company may conduct the Auction in the manner it determines will result in the highest, best or otherwise financially superior offer(s) for the Property.

Upon conclusion of the bidding, the Auction shall be closed, and the Company shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the proposed transaction, and (ii) identify the highest, best or otherwise financially superior offer(s) for the Property (the "<u>Winning Bid(s)</u>" and the entity or entities submitting such Winning Bid, the "<u>Winning Bidder(s)</u>"), which highest, best or otherwise financially superior offer(s) will provide the greatest amount of net value to the Company, and advise the Qualified Bidders of such determination.

### Acceptance of Qualified Bids

The Company shall sell the Property to the Winning Bidder(s) upon the approval of the Winning Bid(s) by the Bankruptcy Court after the Sale Hearing (defined below). The Company's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Company's acceptance of the bid. The Company will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

### Notice of Proposed Assignments and Cure Amounts

No later than December 17, 2007, the Company will file with the Bankruptcy Court and serve on all non-debtor parties to its executory contracts and unexpired leases a notice (the "<u>Cure Notice</u>") that will inform such parties of (a) the possibility that the Company may seek to assume, assign and transfer some or all of their executory contracts and unexpired leases to the Winning Bidder in connection with the Sale, (b) the amount, if any, that the Company believes would be required to be paid to cure any monetary default related to each such designated contract or lease if it were so assumed and assigned, in satisfaction of section 365(b) of the Bankruptcy Code (the "<u>Cure Amount</u>"), and (c) the possibility that the Company will seek to reject, at the Sale Hearing, some or all executory contracts and unexpired leases that

are not assumed and assigned to a purchaser of the Property in connection with a Sale.

### Objections

Objections to all relief requested in the Sale Motion, including the assumption and assignment of executory contracts and unexpired leases (including, without limitation, the proposed Cure Amount), must be in writing and filed and served so as to be actually received by (a) counsel for the Company (Perkins Coie LLP, 131 South Dearborn Street, Suite 1700, Chicago, Illinois 60603, Attn: Daniel A. Zazove, Esq. and Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Attn: Charles R. Gibbs, Esq.), (b) counsel to the Official Committee of Unsecured Creditors (Polsinelli Shalton Flanigan Suelthaus PC, 180 N. Stetson, Suite 4525, Chicago, Illinois 60601, Attn: Gregory J. Jordan, Esq.), and (c) counsel to the Trustee (Jones Day, 77 W. Wacker Drive, Chicago, Illinois 60601, Attn: Brad B. Erens, Esq.) on or before January 10, 2008 by 4:00 p.m. (prevailing Central time).

Objections, if any, that relate to the proposed assumption and assignment of an Assumed Contract (including, but not limited to, any objections relating to the validity of the Cure Amount as determined by the Company or otherwise to assert that any amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the assigned executory contracts or unexpired leases as of the Sale Hearing Date, not including accrued but not yet due obligations, in order for such contract to be assumed and/or assigned) (a "Cure Objection") shall be filed and served so as to be received by the undersigned by 4:00 p.m. (prevailing Central time) on January 10, 2008 (the "Section 365 Objection Deadline").

Unless a Cure Objection is filed and served by a party to an Assumed Contract or a party interested in an Assumed Contract by the Section 365 Objection Deadline, all interested parties that have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment of the Assumed Contract and shall be forever barred and estopped from asserting or claiming against the Company or the Winning Bidder (as the case may be), or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assumed Contract for the period prior to the Sale Hearing Date.

7

### Sale Hearing

A hearing on all the remaining relief requested in the Sale Motion and to consider the results of the Auction (the "Sale Hearing") will be held before the Honorable Eugene R. Wedoff, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on or about _____, 2008 at _____ (the "Sale Hearing Date"). The Sale will be subject to the entry of an order of the Bankruptcy Court approving same.

At the Sale Hearing, the Company anticipates seeking entry of an order, among other things, authorizing and approving (1) the disposition of the Property to the Winning Bidder(s) pursuant to the terms and conditions set forth in the definitive purchase agreement(s) submitted by such Winning Bidder(s), and (2) the payment of the Trustee Allowed Claim and any allowed mechanic's lien claims at the closing; provided, however, in that event, the Company shall reserve funds from the sale proceeds sufficient to pay all unresolved mechanic's lien claims and the unresolved portion of the Trustee's claim. The Sale Hearing may be adjourned or rescheduled by the Company without notice other than by an announcement of the adjourned date at the Sale Hearing.

Following the approval of the sale of the Property to the Winning Bidder(s) at the Sale Hearing, if such Winning Bidder(s) fails to consummate an approved sale by February 22, 2008 (unless extended upon mutual consent of the parties), the next highest or otherwise best Qualified Bid, as disclosed at the Sale Hearing, shall be deemed to be the Winning Bid and the Company shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such bid without further order of the Bankruptcy Court.

### Return of Good Faith Deposit

The Deposit(s) of the Winning Bidder(s) shall be applied to the purchase price of such transaction(s) at closing. The Deposits of all other Qualified Bidders shall be held in a segregated account until the earlier of (i) two (2) business days after the Property has been sold pursuant to the closing of a sale approved by the Bankruptcy Court, and (ii) 30 days after the conclusion of the Sale Hearing. If a Winning Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Winning Bidder, the Company shall be entitled to retain the Deposit as part of its damages resulting from the breach or failure to perform by the Winning Bidder.

### Modifications

The Company (which will consult in good faith with the Committee and the Trustee; provided however, the Company will not consult with the Trustee if it submits its credit bid on the Property) may (a) determine which Qualified Bid, if any, is the highest, best or otherwise financially superior offer; and (b) reject, at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Company, its estate and creditors. Further, notwithstanding any language herein to the contrary, the Company (which will consult in good faith with the Committee and the Trustee; provided however, the Company will not consult with the Trustee if it submits its credit bid on the Property) may make non-material modifications to these Bidding Procedures in a manner it deems appropriate to obtain the highest, best or otherwise financially superior offer(s) for the Property. The Company may make material modifications to these Bidding Procedures with the consent of the Committee and the Trustee or upon Bankruptcy Court order.