**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| CHICAGO H&S HOTEL PROPERTY, LLC | ) The Honorable Eugene R. Wedoff |
| | ) Case No. 07-20088 |
| Debtor | ) |
| | ) Hearing Date: November 5, 2008 at 10:00 a.m. |

**NOTICE OF OBJECTION TO MECHANICS LIEN CLAIM**
**OF ADVANCED ELEVATOR COMPANY**

    PLEASE TAKE NOTICE THAT, on November 5, 2008, at 10:00 a.m. we shall appear before the Honorable Eugene R. Wedoff, in the courtroom usually occupied by him in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, for the initial presentation of the above-titled Objection to Claim (the "**Objection**"), a copy of which is attached hereto. If the parties are unable to consensually resolve any disputes as to the Objection before the initial presentation, Wachovia Bank, as master servicer and special servicer, will request that the Bankruptcy Court conduct an additional hearing at a future date with respect to the Objection and any responses thereto, and will notify the appropriate parties with respect to any such additional hearing.

Dated: October 28, 2008

Respectfully submitted,

**Wells Fargo Bank, National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corporation c/o Wachovia Bank, National Association, as master servicer and special servicer**

By: /s/ Morgan M. Smith

ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (#6287435)
MELANIE J. MILES (#6294469)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com
mmiles@dykema.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| CHICAGO H&S HOTEL PROPERTY, LLC | ) The Honorable Eugene R. Wedoff |
| | ) Case No. 07-20088 |
| Debtor | ) |
| | ) Hearing Date: November 5, 2008 at 10:00 a.m. |

**OBJECTION TO MECHANICS LIEN CLAIM
OF ADVANCED ELEVATOR COMPANY**

Wells Fargo Bank, National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corporation c/o Wachovia Bank, National Association, as master servicer and special servicer (the "Trustee"), pursuant to procedures set forth in (i) Debtor's Second Amended Liquidating Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan," Docket No. 366), (ii) the Order (A) Authorizing the Debtor's Sale of Substantially All of Its Assets, Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approving the Terms of the Sale to the Winning Bidder; and (C) Approving the Assumption and Assignment of Certain Executory Contracts, Licenses and Unexpired Leases in Connection with Such Sale, and the Addendum thereto (the "Sale Order" and "Addendum" respectively, Docket No. 389), and (iii) the Stipulation and Agreed Order Extending the Closing Date for the Sale of the Debtor's Property (the "Stipulated Order," Docket No. 418), and subsequent orders extending the deadlines set in the Stipulated Order, objects to allowance of the mechanics lien (the "Lien") of Advanced Elevator Company (the "Claimant").[1] In support of this Objection, the Trustee states the following:

---

[1] This Objection is without prejudice to the right of the Official Committee of Unsecured Creditors to object to, and the right of the Claimant to assert, an entitlement to an unsecured claim as to any claim of the

I. BACKGROUND

1. The Trustee was the Debtor's principal lender, and had a perfected security interest in the Hotel 71 property and related assets which were ultimately sold through this bankruptcy proceeding (the "Property").

2. Several parties, listed in Schedule 2 to the Addendum (the "Schedule 2 Creditors"), had filed mechanics liens against the Property. Some had also filed secured proofs of claim in this bankruptcy proceeding asserting secured claims based, in whole or in part, on their mechanics liens.

3. Through the Plan, the Sale Order and the Stipulated Order, the Property was sold to the Trustee free and clear of liens, claims, and encumbrances, in exchange for valuable consideration, including the Trustee's undertaking to fund certain escrow accounts in favor of different groups of Debtor's putative creditors.

4. As particularly pertinent to this Objection, the Trustee was required to place in escrow certain funds for the benefit of the Schedule 2 Creditors (the "Escrowed Funds").

5. As a result of the provisions of the Plan, the Sale Order, and the Stipulated Order, the Trustee is permitted to object to the lien claims of the Schedule 2 Creditors. To the extent that the Lien is deemed to be *pari passu* with or prior to the lien of the Trustee, the Lien will be paid from the Escrowed Funds. To the extent that the Lien is not prior to or *pari passu* with the lien of the Trustee, the Lien, if allowed at all, will be a general unsecured claim pursuant to the Plan, subject to any objections of the Official Committee of Unsecured Creditors.

---

Claimant other than those specifically allowed as a result of this claim Objection.

II. THE LIEN AND THE TRUSTEE'S OBJECTIONS

6. On November 2, 2007, the Claimant recorded a Lien in the total amount of $32,171.02, with a principal amount of $26,303.34 plus interest, with the Recorder of Deeds in Cook County, Illinois, which was recorded as document # 0730603135. The Claimant did not file a proof of claim with the Court.

7. The Trustee has reviewed the Lien and such documents and surrounding circumstances as are presently available to it, and asserts the following objections as to the validity, enforceability, priority and/or amount of the Lien:

    A. The Lien fails to comply with the requirements of the Illinois Mechanics Lien Act, 770 ILCS 60/1 *et seq.*; for the following reasons:

        i. Per Claimant's admissions in the Lien, the Lien was not timely filed within four months of the Claimant's last day of work on the Property.

    B. The Trustee disputes the amount and priority of the Lien to the extent that the Claimant's work did not enhance the value of the Property in the amount asserted in the Lien. Several of Claimant's invoices were disputed by the Debtor. In addition, Claimant's contract was cancelled for poor job performance.

8. The Trustee reserves the right to amend these objections as additional facts come to light.

WHEREFORE, the Trustee prays that this Court enter an order (1) declaring that the Lien is invalid and/or unenforceable and that Claimant is not entitled to recovery from the Escrowed Funds OR (2) determining the value of enhancement to the Property created by Claimant's work, and declaring the amount of Claimant's entitlement from the Escrowed Funds.

Dated:  October 28, 2008
Respectfully submitted,

**Wells Fargo Bank, National Association, as trustee for Credit Suisse First Boston Mortgage Securities Corporation c/o Wachovia Bank, National Association, as master servicer and special servicer**

By: /s/ Morgan M. Smith
    One of its attorneys

ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (#6287435)
MELANIE J. MILES (#6294469)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone:  (312) 876-1700
Facsimile:  (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com
mmiles@dykema.com

## CERTIFICATE OF SERVICE

      Morgan M. Smith, an attorney, hereby certifies that he caused a true and correct copy of the **Objection to Mechanics Lien Claim of Advanced Elevator Company** (the "Objection") to be served on October 28, 2008 on (1) the parties on the attached Service List via regular mail and (2) all parties that have filed an electronic appearance in this proceeding, via the Court's CM/ECF system. Parties may access the **Objection** through the Court's CM/ECF system.

Dated:  October 28, 2008                                  /s/ Morgan M. Smith

**SERVICE LIST**

| | |
|---|---|
| Law Offices of Mario Correa<br>Attn:  Mario Correa, Esq.<br>3010 W. Diversey Ave.<br>Chicago, IL  60647<br>Facsimile: (773) 489-1234<br>Email:  Mario@correalaw.com<br>*Counsel for Advanced Elevator Company* | Office of the United States Trustee<br>Attn:  Roman Sukley<br>219 S. Dearborn Street, Room 873<br>Chicago, IL 60604<br>Facsimile: (312) 886-5794<br>Email:  Roman.l.sukley@usdoj.gov |
| Polsinelli Shalton Flanigan Suelthaus<br>Attn:   Gregory Jordan<br>            Peter J. Schmidt<br>            Jean Soh<br>Two Prudential Plaza, Suite 4525<br>180 N. Stetson, Suite 4525<br>Chicago, IL 60601<br>Email:  gjordan@polsinelli.com<br>            pschmidt@polsinelli.com<br>            jsoh@polsinelli.com<br>*Counsel for Official Committee of Unsecured Creditors* | Polsinelli Shalton Flanigan Suelthaus<br>Attn:   James E. Bird<br>700 W. 47th Street, Suite 1000<br>Kansas City, MO 64112<br>Email: jbird@polsinelli.com<br>*Attorneys for Official Committee of Unsecured Creditors* |
| Perkins Coie LLP<br>Attn:   Daniel A. Zazove<br>            Jason D. Horwitz<br>131 S. Dearborn St., Suite 1700<br>Chicago, IL 60603<br>Email:  dzazove@perkinscoie.com<br>            jhorwitz@perkinscoie.com<br>*Attorneys for Debtor* | |

CHICAGO\2547881.1
ID\MJMI