**FILED**

**SEP -8 2010**

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                             )
                                                   )
                                                   )  Case No. 07 B 20088
CHICAGO H&S HOTEL PROPERTY                         )
L.L.C.                                             )
                                                   )
                                                   )
                                                   )  Chapter 11
                                                   )
         Debtor.                                   )
                                                   )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO PERKINS COIE LLP, ATTORNEYS FOR DEBTOR, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $235,269.35 | TOTAL COSTS REQUESTED: | $1,224.02 |
| TOTAL FEES REDUCED: | $11,779.85 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $223,489.50 | TOTAL COSTS ALLOWED: | $1,224.02 |

### TOTAL FEES AND COSTS ALLOWED: $224,713.52

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appears on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(2)     **Unreasonable Time**
        The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

        As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

(4)     **Insufficient Description**
        The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

1

(7)     **Lumping**
The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

(12)    **Clerical Work Not Compensable**
The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: September 8, 2010

Eugene R. Wedoff
United States Bankruptcy Judge

well as their billing rates and the total compensation sought by such professionals and paraprofessionals, is included within each subject. Attached as <u>Exhibit I</u> is an enumeration of Perkins Coie's reimbursable costs.

A.    **Routine Administration.**

Perkins Coie devoted only 7.50 hours having a value of $2,342.00 to the routine administration of the Debtor's bankruptcy case. Only .3 hours of the time was expended by a Perkins Coie partner. Time in this category includes the preparation and filing of all monthly operating and quarterly fee reports, general case administration and routine issues relating to the administrator of the Debtor's bankruptcy case.

| Hours and Compensation Requested for Routine Administration | | | |
|---|---|---|---|
| PROFESSIONAL/POSITION | HOURS | RATE | FEE |
| Greene Scott B. | .3 | 459.00 | 153.00 |
| Horwitz, Jason D. | 2.5 | 444.22 | 1,110.00 |
| Jawor, Michelle L. | 2.8 | 185.00 | 518.00 |
| Crawford, Gloria. | .5 | 120.00 | 60.00 |
| Stetsko, Kathleen A. | 1.4 | 340.00 | 476.00 |
| TOTAL | 7.5 | 312.27 | 2342.00 |

B.    **Retention and Payment of Professional Fees**

Perkins Coie devoted 33.4 hours of services having a value at $16,739.50 to the retention and payment of professionals in this case, including drafting Perkins Coie's second and third interim fee applications, drafting Development Specialist Inc.'s second interim application, reviewing the committees second interim application and retention of Nisen & Elliot as special counsel. The following table summarizes the time spent by each professional in the category.

26277-0005/LEGAL18960472.2

| Hours and Compensation Requested for Allowance and Payment of Professional Fees | | | |
|---|---|---|---|
| PROFESSIONAL/POSITION | HOURS | RATE | FEE |
| Zazove, Daniel A. | 19.80 | 625.00 | 12,422.50 |
| Horwitz, Jason D. | 6.6 | 490.00 | 2,914.00 |
| Crawford, Gloria | .30 | 120.00 | 36.00 |
| Jawor, Michelle L. | 6.10 | 185.00 | 1,128.50 |
| Stetsko, Kathleen A. | .9 | 305.00 | 274.50 |
| TOTAL | 33.7 | 497.79 | 16,775.50 |

*[Handwritten annotations in right margin: "② 5% x 235, 269.85 = 11,763.47  (-5,012.03)"  "16,775.50 minus 11,763.47 = 5,012.03"]*

C.  **Allowance and Disallowance of Claims.**

Perkins Coie devoted 221.20 hours of service having a value of $92,082.32 to contest and resolve claims against the Debtor and its property, including the resolution of secured, priority, and general unsecured claims. Perkins Coie devoted a significant amount of time to resolving the unit buyers deposit claims, contesting the claims of UniteHere, The Formula and the rejection allegedly damage claims of certain unit buyers. As a consequence, general unsecured claims have been reduced by $190Million. The following table summarizes the time spent by each professional in the category.

| Hours and Compensation Requested for Allowance and Disallowance of Claims | | | |
|---|---|---|---|
| PROFESSIONAL/POSITION | HOURS | RATE | FEE |
| Greene, Scott B. | 1.4 | 510.00 | 714.00 |
| Christian, John M. | 9.8 | 575.00 | 5,635.00 |
| Daley, Susan J. | 3.8 | 665.00 | 2,428.00 |
| Zazove, Daniel A. | 51.4 | 625.00 | 32,905.00 |
| Horwitz, Jason D. | 42.2 | 440.00 | 18,623.00 |
| Stetsko, Kathleen A. | 90 | 305.00 | 28,342.32 |
| Jawor, Michelle L. | 10.2 | 185.00 | 1,887.00 |
| Crawford, Gloria D. | 10.9 | 120.00 | 1,308.00 |
| Kupka, Michael J. | 1.5 | 160.00 | 240.00 |
| TOTAL | 221.20 | 416.29 | 92,082.32 |

26277-0005/LEGAL18960472.2

# Perkins Coie

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DALLAS · DENVER · LOS ANGELES · MADISON · MENLO PARK · PHOENIX · PORTLAND · SAN DIEGO · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.

CENTRALIZED ACCOUNTING DEPARTMENT
1201 THIRD AVENUE, 40TH FLOOR
SEATTLE, WASHINGTON 98101-3099
MAIN TELEPHONE NUMBER: (206) 359-8000
ACCOUNTING: (206) 359-3143 - CLIENTACCT@PERKINSCOIE.COM
TAX I.D. NUMBER: 91-0591206

ACCOUNT NUMBER: 26277

August 17, 2010

Invoice 4226707

Chicago H&S Hotel Property, LLC
Attn: Patrick J O'Malley, Development Specialist, Inc.
70 W. Madison St, Suite 2300
Chicago, IL 60602

## INVOICE

**FOR SERVICES THROUGH 07/31/10, IN CONNECTION WITH THE FOLLOWING:**

| | |
|---|---|
| Total Services | $235,269.35 |
| Disbursements and Other Charges | $1,224.02 |
| **TOTAL DUE THIS INVOICE** | **$236,493.37** |

### Routine Administration

| Date | Attorney/Assistant | Hours | Description of Services |
|---|---|---|---|
| 08/04/08 | J. Horwitz | 0.20 | Email correspondence with SRH regarding state court hearings; |
| 08/06/08 | M. Jawor | 0.10 | Forward copy of entered confirmation order per J. Horwitz request;  ④ -18.5 |
| 08/12/08 | J. Horwitz | 0.10 | Email correspondence from DSI and hotel regarding return of deposit from ComEd; |
| 08/20/08 | M. Jawor | 0.10 | Forward copy of updated closing letter to J. Horwitz; |
| 08/22/08 | J. Horwitz | 0.10 | Telephone conferences with DSI regarding monthly report; |
| 08/22/08 | M. Jawor | 0.30 | Review trial exhibits and forward Jones Lang documents to J. Costie; |
| 08/28/08 | J. Horwitz | 0.30 | Telephone conferences with DSI regarding MOR and quarterly post-confirmation statement; exchange email messages with DSI regarding same (.1); review UST guidelines regarding same (.1); review quarterly post-confirmation reports (.1); |
| 08/29/08 | M. Jawor | 0.70 | Conference with J. Horwitz regarding quarterly statement for plan payments (.1); review court docket for last quarterly statement for plan payment filing and conference with J. Costie regarding same (.1); prepare notice of filing and file quarterly statement for plan payments with bankruptcy court and serve same (.5); |
| 09/16/08 | J. Horwitz | 0.10 | Exchange email messages with DSI regarding cash reconciliation issues; |
| 09/18/08 | J. Horwitz | 0.10 | Telephone conference with DSI regarding cash reconciliation; |
| 09/22/08 | M. Jawor | 0.10 | Forward copies of filed pleadings to P. O'Malley per his request; |
| 10/07/08 | S. Greene | 0.30 | Telephone conference with Michelle Schindler (counsel for Wachovia) regarding status hearing in state court; |
| 10/10/08 | M. Jawor | 0.10 | Review court docket for entered pleadings and forward same to J. Horwitz; |
| 10/21/08 | J. Horwitz | 0.10 | Telephone conference with DSI regarding UST quarterly fee report; |
| 10/23/08 | M. Jawor | 0.10 | Review of files and court docket for draft declaration per J. Horwitz request; |
| 10/27/08 | M. Jawor | 0.10 | Review court docket for all requested pleadings and forward same to J. Horwitz; |
| 10/29/08 | M. Jawor | 1.00 | Organize pleadings for hearing; |
| 10/30/08 | J. Horwitz | 0.10 | Review UST quarterly fee report; telephone conference with DSI regarding same;  ⑦ -4.90 |

CURRENT CHARGES ONLY. UNPAID BALANCES NOT INCLUDED.
DISBURSEMENTS NOT YET RECORDED WILL BE INCLUDED IN FUTURE INVOICES.
PAYMENT DUE IN U.S. DOLLARS UPON RECEIPT OF INVOICE.
AFTER 30 DAYS, A MONTHLY LATE CHARGE OF 1% PER MONTH FROM THE INVOICE DATE (OR SUCH LOWER RATE AS REQUIRED BY APPLICABLE LAW) WILL BE DUE.
SHOULD A COLLECTION ACTION OR PROCEEDING BE NECESSARY, ATTORNEYS' FEES AND COSTS FOR SUCH COLLECTION EFFORT WILL ALSO BE DUE.
PERKINS COIE LLP AND AFFILIATES